## McKOAN *vs.* DEVRIES.

The 46th section of the act of December 14, 1847, which authorizes any person of good moral character, although not admitted as an attorney, to manage, prosecute, or defend suits for others, provided he has a special authority for that purpose, is void, and of no binding effect, as being contrary to the provisions of the constitution respecting the admission of attorneys to practice.

The object of a state constitution is to establish the fundamental, permanent law of the state; that law which is not to be left to ordinary legislation. *Per* EDWARDS, J.

And if a constitutional provision is made upon any given subject, the presumed object and intention, and the legal effect, of such a provision, is that the rule thus established shall be permanent, and not be left to be repealed or modified by the legislature. Hence, any law which conflicts with such constitutional provision is not within the province of ordinary legislation. *Per* EDWARDS, J.

THIS was an application, by the defendant, to strike the plaintiff's declaration from the files of the court, on the ground that it was placed there by a person who had never been admitted to practice as an attorney in this court. The affidavit, on which the motion was founded, stated that the declaration was endorsed " A. W. Goff, attorney for plaintiff," and that the said Goff was not an attorney of this court, nor an attorney or counsellor at law, or solicitor, nor had he ever been admitted to practice as such. This was not denied by the affidavit in reply; but it was alleged that Goff was duly authorized to act as the attorney for the plaintiff, by virtue of a warrant of attorney, a copy of which was annexed to the affidavit.

*E. C. Benedict & W. R. Beebe*, for the defendant.

*Horace Dresser*, for the plaintiff.

EDWARDS, J.    The question is, whether, under such an authority as is set forth in the opposing affidavit, Goff had the right to file a declaration as attorney for the plaintiff. It is provided in Art. 6, § 8, of the present constitution of this state, that " any male citizen of the age of twenty-one years, of

McKoan *v.* Devries.

good moral character, and who possesses the requisite qualifi-
cations of learning and ability, shall be entitled to admission
to practice in all the courts of this state." By the 75th section
of the "act in relation to the judiciary," passed May 12, 1847,
(*Laws of* 1847, *p.* 342,) and which was intended to carry out
the provisions of the constitution, so far as legislation might
be necessary and proper for that purpose, it is provided that
" every male citizen of the age of twenty-one years, applying to
be admitted to practice as an attorney, solicitor and counsellor,
in the courts of this state, shall be examined by the justices of
the supreme court, which examination shall be at a general
term thereof, and if such person so applying shall be found of
good moral character, and to possess the requisite qualifications
of learning and ability, the court shall direct an order to be
entered by the clerk thereof, stating that such person had been
so examined and found to possess *the qualifications required
by the constitution,* and thereupon such person shall be entitled
to practice as an attorney, solicitor and counsellor in all the
courts of this state." It is further provided that the supreme
court shall, by general rules, prescribe what shall be sufficient
evidence of good moral character. In pursuance of this act,
the supreme court, at its general term, held at Albany in July
last, made a rule pointing out the manner in which the citizen-
ship, age, and moral character of the applicant should be proved
to the court.

By the act of December 14th, 1847, § 46, amending the "act
in relation to the judiciary," (*Laws of* 1847, *p.* 647,) it is pro-
vided that " any person of good moral character, although not
admitted as an attorney, may manage, prosecute, or defend a
suit for any other person, provided he is specially authorized
for that purpose by the person for whom he appears, in writing,
or by personal nomination in open court." It is under this
statutory provision that Goff claims the right to act as attorney
for the plaintiff in this suit, and resists the motion of the defen-
dant. It is claimed, on the other hand, that this act is contrary
to the provisions of the constitution.

In the former constitution of this state there was no provision

made as to the qualifications requisite for admission to practice in any of the courts of this state. That matter was left open, and was regulated by the rules of the different courts.

In order to ascertain what is the meaning and effect of the provision in the present constitution, it is important to consider what is the object of a state constitution. Its object, undoubtedly, is to establish the fundamental permanent law of the state; that law which is not to be left to ordinary legislation. A constitution is defined, by Judge Story, to be "a fundamental law or basis of government." It is established by the people in their original sovereign capacity, to promote their own happiness, and *permanently* to secure their rights, property, independence and common welfare. (1 *Story's Com. on Const:* §§ 338, 339.) The convention that establishes a constitution has all the powers which the people possess in their original sovereign capacity. The powers of the legislature are limited, and subordinate to the constitution. If a constitutional provision is made upon any given subject, the presumed object and intention, and the legal effect, of such a provision is that the rule on that subject shall be permanent, and not left to be repealed or modified as shall seem proper, according to the fluctuating and changing opinions of successive legislatures. And upon the principle that *expressio unius est exclusio alterius*, any law which conflicts with such constitutional provision is not within the province of ordinary legislation. Any other construction would destroy the distinctive character of a constitution as the fundamental permanent law of the state.

Thus, it is provided in Art. 2, § 1, of the constitution, that "every male citizen of the age of twenty-one years, who shall have been a citizen for ten days, and an inhabitant of this state one year next preceding any election, and for the last four months a resident of the county where he may offer his vote, shall be entitled to vote at such election, in the election district of which he shall be a resident." Now, I trust it would not be contended that the legislature could pass an act authorizing a person to vote at an election who was not a citizen, or who was a citizen under the age of twenty-one years, or a citizen

McKoan *v.* Devries.

of the age of twenty-one years who should not have been a citizen for ten days, or should not have been a resident of the state for one year next preceding the election; and yet there is no express restriction upon the power of the legislature in this respect.

Again, it is provided by Art. 5, § 1, that the secretary of state, comptroller, treasurer, and attorney general, shall hold their offices for two years; and no one would pretend that the legislature could authorize them to hold their offices for a longer term than two years, although there is no express constitutional prohibition. Other similar cases might be cited.

So in the case under consideration, the constitution provides that any male citizen, of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled to be admitted to practice in all the courts of this state. And yet, notwithstanding this provision, according to the construction contended for by the person who represents the plaintiff in this suit, the first legislature that meets under the constitution can pass a law authorizing in effect a person who is not a male citizen, and not of the age of twenty-one years, and who does not possess the requisite qualifications of learning and ability, to practice in all the courts of the state. Such a construction would render the provision of the constitution nugatory and unmeaning. The constitution must have intended to lay down a permanent rule. It was so understood by the legislature, at the time that it passed the judiciary act of May 12, 1847. That act provides that any male citizen of the age of twenty-one years, and of good moral character, shall be admitted to practice in all the courts of the state, if he shall be found to possess *the qualifications required by the constitution. (Laws of 1847, p.* 343, § 75.) What were the reasons which induced the same legislature, at a second meeting, to pass a law which repudiates the idea of any qualifications being required by the constitution, does not appear. Neither is it obvious, when we consider the high trust and responsibility of the office and duties of an attorney, why the legislature deemed it expedient to pass

McKoan *v.* Devries.

an act authorizing a person to practice as an attorney who does not possess the requisite qualifications of learning and ability.

It was said, however, on the argument, that the act of December 14, 1847, did not contravene the constitutional provision, because it did not profess to authorize an *admission to practice* in all the courts of the state. The answer to this is that the act makes no restriction as to courts, but allows any person of good moral character to manage, prosecute, or defend any suit, for any other person, provided he is specially authorized in writing, or by nomination in open court; or in other words, it allows any person of good moral character to practice in all the courts of the state, provided he can furnish the evidence of his employment which the act requires. This is in its substance and effect opposed to the provision made by the constitution.

With these views, and inasmuch as I am bound by the constitution as the paramount law of the state, and as it does not appear that the person who has brought this suit on behalf of the plaintiff, possesses the qualifications required by the constitution, I can come to no other conclusion than that the defendant's motion must be granted.

I would add that my associates in this district unanimously concur with me in this conclusion.

Motion granted.